In re: $80,045.00 IN U.S. CURRENCY, Mohamadou Sumareh, Plaintiff—Appellee,

v.

John Doe, I, in his individual and official capacity; Jim Doe, in his individual and official capacity; City of Phoenix, a municipality, Defendants,

and

State of Arizona, Defendant—Appellant.

No. 05–15564.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided Jan. 3, 2006.

---

David E. Betts, Esq., Lindsay RM Jones, Esq., Betts & Associates, Atlanta, GA, for Plaintiff-Appellee.

Peter Spaw, Phoenix, AZ, for Defendants.

Before: TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

MEMORANDUM *

In this forfeiture proceeding under Arizona Revised Statutes, section 13–4301 *et seq.*, the State of Arizona appeals the district court's summary judgment ruling that Phoenix police officers did not have probable cause to seize $80,045.00 in United States currency from claimant Mohamadou Sumareh (Sumareh). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The State argues that it established probable cause when it presented evidence that a trained narcotics dog alerted to the smell of drugs on the currency that Sumareh was transporting. To evaluate whether probable cause existed, we must determine " 'whether the information relied upon by the government is adequate and sufficiently reliable to warrant the belief by a reasonable person that the [money] was' connected to drugs." *United States v. U.S. Currency, $30,060.00,* 39 F.3d 1039, 1041 (9th Cir.1994) (quoting *United States v. One 56–Foot Yacht Named Tahuna,* 702 F.2d 1276, 1282 (9th Cir.1983)) (alteration in original); *see also United States v. $215,300 U.S. Currency,* 882 F.2d 417, 419 (9th Cir.1989) (" 'To pass the point of mere suspicion and to reach probable cause, it is necessary to demonstrate by some *credible evidence* the probability that the [money] was in fact' drug-related.") (quoting *United States v. Dickerson,* 873 F.2d 1181, 1184 (9th Cir.1988) (as amended)) (alteration in original).

A drug detection dog alert does not provide sufficient evidence of a meaningful connection between seized money and illicit drugs unless the dog is trained to perform, and performs, a sophisticated dog alert as outlined in *United States v. $22,474.00 in U.S. Currency,* 246 F.3d

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1212, 1216 (9th Cir.2001). To demonstrate a sophisticated dog alert, the State must present evidence that the drug detection dog "would not alert to cocaine residue found on currency in general circulation [and that] the dog was trained to, and would only, alert to the odor of a chemical by-product of cocaine called methyl benzoate." *Id.* In other words, the State must demonstrate that unless the currency at issue had recently been in contact with drugs, the dog would not alert to it. *Id.* This circuit's "heightened reliability standard" on canine drug identification requires the State to establish the training and reliability of the drug detection dog before a dog alert can support a determination of probable cause. *Grant v. City of Long Beach,* 315 F.3d 1081, 1086 (9th Cir. 2002).

Here, the State failed to present sufficient evidence to show that the canine search of Sumareh's money was a sophisticated dog alert as required by *United States v. $22,474.* Without more, the State's other proffered evidence does not, even when considered in the aggregate, establish probable cause. Thus, the district court correctly determined that the State lacked probable cause to believe that the $80,045 seized from Sumareh was related to illegal drug activity.

AFFIRMED.